IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL SCHAEFFER, D.P.M.        :       CIVIL ACTION
                                 :
     v.                          :
                                 :
ALLIANZ LIFE INSURANCE COMPANY   :
OF NORTH AMERICA                 :       NO. 07-cv-1303-JF

MEMORANDUM AND ORDER

Fullam, Sr. J.                                        June 10, 2008

      Plaintiff asserts in this action that he is disabled and entitled to disability benefits under two separate insurance policies issued by the defendant, Allianz: a disability income policy (referred to as a long-term care, "LTC" policy) issued in March 2003; and a universal life policy with an "accelerated benefit rider" (ABR), issued in May 2003.  Under both policies, plaintiff must establish that he was disabled (unable to perform the activities of daily living) for at least 90 days continuously.

      The complaint contains three counts: Counts I and II seek benefits under each of the two policies; Count III asserts a claim under Pennsylvania's Bad Faith Statute, 42 Pa. C.S.A. § 8371.  The defendant filed a counterclaim, seeking rescission of the ABR policy, on the basis of alleged misrepresentations in plaintiff's application for the policy (both policies contain provisions rendering them incontestable for misrepresentations after they had been in effect for two years, but the LTC policy

had an exception for fraudulent misrepresentations, and defendant is relying upon that exception).

Defendant has filed a motion for summary judgment, as to all counts of the complaint.

I readily conclude that the defense motion must be granted as to Count III, plaintiff's bad faith claim.  On the basis of the extensive evidentiary record now provided, no rational jury could conclude that the defendant acted in bad faith in its investigation and denial of plaintiff's claim.  The record establishes, without any dispute, that the defendant merely conducted a reasonable and permissible investigation, and had a reasonable basis for denying plaintiff's claims in their entirety.  Count III will be dismissed with prejudice.

On plaintiff's breach of contract claims – i.e., plaintiff's entitlement to disability benefits – to grant summary judgment in favor of the defendant, this Court would have to reject the testimony of plaintiff and his treating physician.  While this testimony may be regarded as vulnerable to rejection on credibility grounds, such issues cannot be resolved on a motion for summary judgment.  The same is true with respect to defendant's counterclaim seeking rescission of one of the policies.  I believe it would be inappropriate for this Court to decide the factual issue of whether plaintiff's representations with respect to his previous medical history were knowingly false and fraudulent.

It is appropriate to add that this decision is in no way based upon plaintiff's counsel's argument that most of the historical data concerning plaintiff's numerous other involvements in litigation are entirely irrelevant.  Much of that information bears upon plaintiff's medical history and his presumed knowledge thereof; and can give rise to legitimate argument appropriate for the jury to consider.

An Order follows.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL SCHAEFFER, D.P.M.       :       CIVIL ACTION
                                :
     v.                         :
                                :
ALLIANZ LIFE INSURANCE COMPANY  :
OF NORTH AMERICA                :       NO. 07-cv-1303-JF
```

ORDER

          AND NOW, this 10th day of June 2008, upon consideration of defendant's motion for summary judgment, IT IS ORDERED:

    1.   The motion is GRANTED as to Count III (the bad faith claim).  Count III is DISMISSED with prejudice.

    2.   In all other respects, the motion is DENIED.


                              BY THE COURT:


                              /s/ John P. Fullam
                              John P. Fullam, Sr. J.